# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CROSS OIL CO., INC., an Oklahoma Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 18-CV-533-JED-JFJ ) |
| RUSH TRUCK CENTERS OF OKLAHOMA, INC., d/b/a RUSH PETERBILT TRUCK CENTER, TULSA, a Delaware Corporation, | ) ) ) ) |
| Defendant. | ) ) |

## **OPINION AND ORDER**

Before the Court is the defendant's Motion to Dismiss or in the Alternative to Transfer Venue (Doc. 12, 13).

**I.    Background**

The plaintiff, Cross Oil Co., Inc. (Cross Oil), initiated this action in Tulsa County District Court. Cross Oil asserts a breach of contract claim against the defendant, Rush Truck Centers of Oklahoma, Inc., d/b/a Rush Peterbilt Truck Center, Tulsa (Rush). Cross Oil is a fuel sale and delivery company, which is incorporated in Oklahoma with a principal place of business in Kay County, Oklahoma. (Doc. 2-2 at 1). Rush is a Delaware corporation with its principle place of business in Texas. (Doc. 2 at 2). Cross Oil contracted with Rush for maintenance services on a 2009 Peterbilt oil truck in August of 2013. (Doc. 2-2 at ¶ 5). Cross Oil alleges that Rush breached the contract by failing to perform services on the truck in a workmanlike manner. (Doc. 2-2 at ¶ 10). According to Cross Oil, the breach caused the oil truck to catch fire, destroying an "office building [and] equipment and other related assets located at Cross Oil's principle place of business" in Kay County. (*Id.* at ¶ 11). Cross seeks damages in excess of $500,000. (*Id.*).

Rush removed the case to this Court based on diversity jurisdiction. (Doc. 2 at 1). Rush now moves to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), or alternatively, to transfer the case to the United States District Court for the Western District of Oklahoma under 28 U.S.C. § 1404(a). Cross did not file a response in opposition to the motion, such that the motion may, in the Court's discretion, be deemed confessed. *See* LCvR 7.2(f). The Court has nonetheless considered the defendant's motion and determines that transfer, but not dismissal, is appropriate under the facts presented.

## II. Discussion

### A. Venue is proper

Rush moves for dismissal based on its allegation that venue is improper here pursuant to Fed. R. Civ. P. 12(b)(3). (Doc. 12 at 1). However, Rush has not presented *any* facts or arguments supporting dismissal for improper venue. (*See* Doc. 12). For this reason alone, Rush's motion to dismiss should be denied.

In any event, because the assertion of personal jurisdiction over Rush is appropriate in this Court, venue is also proper here. A civil action may be brought in a judicial district "in which [the defendant] resides." 28 U.S.C. § 1391(b). For purposes of venue, a defendant corporation is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2); *see also id.*, § 1391(d) ("For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that

district were a separate State"). Venue can be proper in multiple districts. *See ConocoPhillips Co. v. Jump Oil Co.*, 948 F. Supp. 2d 1272, 1282 (N.D. Okla. 2013).

In connection with services underlying this suit, Rush operated as Rush Truck Centers of Oklahoma, Inc., d/b/a Rush Peterbilt Truck Center, Tulsa in Tulsa, Oklahoma. (*See* Doc. 2 at ¶ 5). The corporation has done business in the State of Oklahoma since at least June 7, 1996. (*See* Doc. 2-6 at 2). Such contacts are sufficient to confer personal jurisdiction in this Court. Moreover, Rush has stipulated that this Court has jurisdiction and that venue is appropriate. (*See* Doc. 17 at 1-2). The Motion to Dismiss under Rule 12(b)(3) for improper venue (Doc. 12) will thus be denied.

**B.      Transfer under 28 U.S.C. § 1404(a) is appropriate.**

Alternatively, Rush requests that this case be transferred to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a). Under § 1404(a), the district court is granted discretion to transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district . . . where it might have been brought." 28 U.S.C. 1404(a); *see also Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1121-22 (10th Cir. 2003). In considering a motion to transfer, courts weigh several discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and [ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

Considering the information before the Court, this case should be transferred to the Western District of Oklahoma pursuant to § 1404(a). Although "the plaintiff's choice of forum

should rarely be disturbed, . . . plaintiff's choice of forum receives less deference . . . if the plaintiff does not reside in the district." *Emp'rs Mut.*, 618 F.3d at 1167-68. For purposes of venue, a *plaintiff* is deemed to reside "only in the judicial district in which it maintains its principal place of business." 28 U.S.C. § 1391(c)(2). Cross Oil's principal place of business is not in this District, but is in Kay County, which is in the Western District of Oklahoma. 28 U.S.C. § 116(c).

"Courts also accord little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" *Emp'rs Mut.*, 618 F.3d at 1168 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)). Cross Oil's damages claim is entirely connected to Kay County. Rush's final service on the oil truck, which preceded the fire, was performed in Kay County. The oil truck's final fuel route was located in and around Kay County. The fire occurred in Kay County and damaged Plaintiff's real property and company equipment in Kay County.

From the record before the Court at this time, it also appears that many of the witnesses material to Cross Oil's petition are located in and around Kay County. Those would include the plaintiff's representatives, the Cross Oil employee who drove the oil truck on its final route, and the fire marshal. Most importantly, evidence regarding Cross Oil's alleged damages is in Kay County, where the fire occurred and where Cross's office building and other property were damaged.

The factors in *Employers Mutual* weigh in favor of transfer to the District Court for the Western District of Oklahoma under 28 U.S.C. § 1404(a), for the convenience of the parties and the witnesses, and in the interests of justice. Rush's motion to transfer will be granted.

4

### III. Conclusion

For the foregoing reasons, Rush's motion to dismiss for lack of jurisdiction (Doc. 12) is **denied**, and its alternative motion to transfer the case (Doc. 13) is **granted**. This matter is transferred to the United States District Court for the Western District of Oklahoma.

SO ORDERED this 4th of February, 2019.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE